**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**STEVEN J. RUSSELL and**
**NANCY J. RUSSELL,**

**Plaintiffs,**

**v.** **Case No. 19-CV-119**

**SANTANDER CONSUMER USA, INC.,**
**ASSETSBIZ-WISCONSIN, LLC, and**
**MICHAEL A. SANCINATI,**

**Defendants.**

---

**DECISION AND ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFFS' WISCONSIN CONSUMER ACT CLAIMS**

---

Steven and Nancy Russell bought a 2013 Dodge Journey from a dealership in Illinois. Santander Consumer USA, Inc. purchased the Russells' retail installment contract for the vehicle. After falling behind on their payments, Santander obtained a judgment of replevin and enlisted AssetsBiz-Wisconsin, LLC, and its repossession agent, Michael Sancinati, to repossess the Russells' vehicle. The Russells sue AssetsBiz and Sancinati for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and sue all three defendants for violations of the Wisconsin Consumer Act ("WCA"), Wis. Stat. 421 *et seq.*, stemming from the repossession.

AssetsBiz and Sancinati moved for summary judgment as to the FDCPA claim on the grounds that neither are "debt collectors" pursuant to the statute. They further moved for summary judgment as to the WCA claims on the grounds that the Russells entered into their retail installment contract in Illinois and the WCA only applies to consumer

transactions made in Wisconsin. In a decision dated September 20, 2019, I denied the defendants' motion for summary judgment as to the plaintiffs' FDCPA claim. (Docket # 42.) I allowed the parties to file supplemental briefing as to the plaintiffs' WCA claims. The parties have filed supplemental briefs on this issue. (Docket # 43 and Docket # 44.) I will refer to the facts as cited in the September 20, 2019 decision and will not repeat them here.

The Russells sued AssetsBiz and Sancinati under Wis. Stat. §§ 425.206(2), 427.104(1)(h), and 427.104(1)(j). The parties do not dispute that the territorial scope of the WCA is governed by Wis. Stat. § 421.201 and that the WCA generally applies to consumer transactions made in Wisconsin. The Russells do not dispute that the contract was executed in Illinois. (Defs.' Proposed Findings of Fact ("DPFOF") ¶ 3, Docket # 32 and Pls.' Resp. to DPFOF ("Pls.' Resp.") ¶ 3, Docket # 36.) As I previously discussed, however, the law is not without exceptions. Again, the Wisconsin Court of Appeals in *Credit Acceptance Corp. v. Kong*, 2012 WI App 98, 344 Wis. 2d 259, 822 N.W.2d 506 found that the WCA "may come to govern a transaction even if the transaction is not made in this state. For example, certain portions of the WCA apply to actions or other proceedings 'brought in this state to enforce rights arising from consumer transactions . . . wherever made.'" *Id.* ¶ 11 (quoting Wis. Stat. § 421.201(5)). The court of appeals explained: "In other words, a creditor must comply with certain portions of the WCA (namely, subchapters I and II of Wis. Stat. ch. 425) if it wishes to bring suit in Wisconsin. Thus, when [the creditor] filed the present action, it essentially consented to be governed by subchapters I and II of ch. 425." *Id.*

As I previously noted, Santander brought a replevin action against the Russells in Wisconsin; thus, Santander consented to be governed by subchapters I and II of chapter 425 of the WCA. (Docket # 42 at 12.) What was unclear, however, was whether the *Kong*

holding extended to AssetsBiz and Sancinati, the repossession agents acting on the creditor's behalf.

AssetsBiz and Sancinati argue that *Kong* is distinguishable. In *Kong*, a creditor brought a deficiency action against the debtor in Wisconsin and the court of appeals found that in doing so, the creditor consented to be governed by the WCA. AssetsBiz and Sancinati argue that *Kong*'s holding does not extend to them because they never filed a lawsuit in Wisconsin—they were only acting on Santander's behalf. (Docket # 43 at 2–3.) The Russells cite *Gable v. Universal Acceptance Corp. (WI)*, 338 F. Supp. 3d 943 (E.D. Wis. 2018) for the proposition that because AssetsBiz and Sancinati were Santander's agents, they were subject to the same limitations as the principal that sent them. (Docket # 44 at 2.) In *Gable*, the plaintiffs similarly sued the creditor and the repossession agents under Wis. Stat. § 425.206(2)(a) and §§ 427.104(1)(g) and (j). The creditor argued that it could not be held liable for the repossessor's actions because the repossessor was an independent contractor. *Id.* at 953. Wis. Stat. § 425.206(2)(a) states that "[i]n taking possession of collateral or leased goods, no merchant may . . . [c]ommit a breach of the peace." The *Gable* court noted that the WCA defines merchant as:

> a person who regularly advertises, distributes, offers, supplies or deals in real or personal property, services, money or credit in a manner which directly or indirectly results in or is intended or designed to result in, lead to or induce a consumer transaction. The term includes but is not limited to a seller, lessor, manufacturer, creditor, arranger of credit and any assignee of or successor to such person. The term also includes a person who by his or her occupation holds himself or herself out as having knowledge or skill peculiar to such practices or to whom such knowledge or skill may be attributed by his or her employment as an agent, broker or other intermediary.

*Id.* (quoting Wis. Stat. § 421.301(25)). The *Gable* court further noted that the creditor, *not its repossessors*, falls within the definition of "merchant" and thus is covered by the WCA. *Id.* at

954–55. However, the court found that the creditor cannot avoid liability for actions taken on its behalf and at its request by using a third-party. *Id.* at 955.

This raises an additional issue—if repossessors do not fall under the definition of "merchant," are they subject to the WCA? I have not found a clear answer to this question. This issue was not brought before the *Gable* court and despite making the above statement regarding repossessors not falling under the definition of "merchant," the *Gable* court simply assumes repossessors *do* fall under the WCA. However, just as the FDCPA generally excludes repossessors from its definition of "debt collector" but allows a cause of action against a repossessor for a violation of 15 U.S.C. § 1692f(6), *Nadalin v. Auto. Recovery Bureau, Inc.*, 169 F.3d 1084, 1085 (7th Cir. 1999), it seemingly follows that a repossessor who allegedly violates Wis. Stat. § 425.206(2)(a) should not escape liability simply because he was acting on the creditor's behalf. This reading of the statute is in line with the WCA's general directive to liberally construe the law to promote its underlying purpose of protecting consumers, *see* Wis. Stat. § 421.102, as well as the Wisconsin courts' instruction to coordinate its interpretations of the WCA with the FDCPA, *see Brunton v. Nuvell Credit Corp.*, 2010 WI 50, ¶ 45, 325 Wis. 2d 135, 161, 785 N.W.2d 302, 314.

The entire repossession effort—from the replevin action to the dispatching of AssetsBiz and Sancinati to collect the collateral—occurred in Wisconsin. If Santander consented to be governed by subchapters I and II of ch. 425 by beginning this process in Wisconsin, it defies logic that Santander's repossession agents would have free reign to violate Wisconsin law in their collection efforts simply because the original agreement was signed in Illinois.

As to the Russells' Wis. Stat. §§ 427.104(1)(h) and 427.104(1)(j) claims, Wis. Stat. § 421.201(4) specifically states that "Chapter 427 applies to any debt collection activity in this state." In *Gable*, the court found that repossession agents fell within the WCA's definition of "debt collector," Wis. Stat. § 427.103(3), because they were "indirectly assisting [the creditor] in the collection of its debt." 338 F. Supp. 3d at 956. Thus, the court found that the repossession agents could be liable for violations of chapter 427. Given that the debt collection activities occurred in Wisconsin and AssetsBiz and Sancinati were engaged in debt collection activity, they could be liable to the Russells if the alleged violations are established.

For these reasons, the defendants' motion for summary judgment as to the plaintiffs' WCA claims is denied.

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the defendants' motion for summary judgment (Docket # 29) is **DENIED** as to Counts Two and Three of the complaint.

Dated at Milwaukee, Wisconsin this 8th day of November, 2019.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge