# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

STEVEN J. RUSSELL and
NANCY J. RUSSELL,

    Plaintiffs,

  v.                                                          Case No. 19-CV-119

SANTANDER CONSUMER USA, INC.,
ASSETSBIZ-WISCONSIN, LLC, and
MICHAEL A. SANCINATI,

    Defendants.

## DECISION AND ORDER ON DEFENDANTS' MOTION TO AMEND DECISION TO INCLUDE CERTIFICATION FOR INTERLOCUTORY APPEAL

Steven and Nancy Russell sued creditor Santander Consumer USA, Inc., debt collector AssetsBiz Wisconsin, LLC, and AssetsBiz's repossession agent, Michael Sancinati, for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 and the Wisconsin Consumer Act ("WCA"), Wis. Stat. 421 *et seq.*, stemming from the repossession of the Russells' 2013 Dodge Journey. The parties filed cross motions for summary judgment as to the Russells' claims. I granted the Russells' motion, finding that AssetsBiz, Sancinati, and Santander were liable to the Russells for damages under the FDCPA and the WCA. (Docket # 91.) AssetsBiz and Sancinati now move to amend the summary judgment order to include a certification that the criteria for an interlocutory appeal to the Seventh Circuit are satisfied under 28 U.S.C. § 1292(b). (Docket # 94.) The Russells oppose the motion. (Docket # 96.) For the reasons below, the motion is denied.

## ANALYSIS

Section 1292(b) provides that a district court may certify for immediate appeal interlocutory orders entered in civil cases that present "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "There are four statutory criteria for the grant of a section 1292(b) petition to guide the district court: there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Bd. of Trs. of Univ. of Illinois*, 219 F.3d 674, 675 (7th Cir. 2000) (emphasis in original). Additionally, the petition must be filed in the district court within a reasonable time after the order sought to be appealed. *Id.* "Unless *all* these criteria are satisfied, the district court may not and should not certify its order to [the appellate court] for an immediate appeal under section 1292(b)." *Id.* at 676 (emphasis in original).

AssetsBiz and Sancinati argue that this case warrants a § 1292(b) certification because in order to resolve the case, the Seventh Circuit need only determine whether, under Wisconsin law, a creditor has the right to undertake nonjudicial recovery of collateral after a debtor's objection or whether a creditor must pursue judicial remedies. (Docket # 94 at 4.) They argue that this question is controlling and resolution would speed up the litigation because "a decision from the Seventh Circuit determining that a creditor had a right to undertake nonjudicial recovery of collateral after a debtor's objection would effectively reverse the finding that Defendants violated Wis. Stat. § 425.206 as a matter of law." (*Id.* at 7–8.) A question of law is "controlling" if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so. *Sokaogon Gaming Enter. Corp.*

*v. Tushie-Montgomery Assocs., Inc.*, 86 F.3d 656, 659 (7th Cir. 1996). An appeal materially advances the ultimate termination of the litigation if its resolution "promise[s] to *speed up* the litigation," *Ahrenholz*, 219 F.3d at 675 (emphasis in original), even if it does not end the litigation in the district court, *Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2012).

The issue before me on the parties' cross motions for summary judgment was whether the defendants breached the peace under Wisconsin law while repossessing the Russells' vehicle, thus violating the FDCPA and the WCA. AssetsBiz and Sancinati argued that Sancinati engaged in two separate and distinct repossession attempts. During the first alleged repossession attempt, Steven Russell unequivocally objected to the repossession and Sancinati left. (Docket # 91 at 7.) Thirty minutes later, Sancinati allegedly made a second repossession attempt, this attempt ending with Steven Russell's step-daughter, who frequently drove the Dodge Journey, allowing the repossession to take place while Steven Russell was detained in the back of a squad car for questioning regarding allegedly pointing a gun at Sancinati's chest. (*Id.* at 7–8.)

The prevailing Wisconsin case on breach of the peace is *Hollibush v. Ford Motor Credit Co.*, 179 Wis. 2d 799, 808, 508 N.W.2d 449, 455 (Ct. App. 1993). The *Hollibush* court held that self-help repossession in the face of a debtor's contemporaneous objection constitutes a breach of the peace. 179 Wis. 2d at 810–12, 508 N.W.2d at 454–55. The court explained that the rationale behind this is that repossessions are "emotional matters" and a "verbal objection to a repossession is the precursor to violence, and [ ] it should not be necessary for a debtor to resort to violence to provide the breach of the peace necessary to defeat a self-help repossession." *Id.* at 811–12, 508 N.W.2d at 455. What *Hollibush* does not address,

3

however, is what a creditor must do to repossess the vehicle in the face of the debtor's unequivocal objection. Must the creditor now resort to judicial remedies, or can the creditor simply retry self-help repossession at a later time? I found that it was unnecessary to answer that question because under the specific facts of this case, even assuming a creditor need not resort to judicial remedies in the face of a debtor's unequivocal objection, there was at most thirty minutes between the "first" and "second" repossession attempts. (Docket # 91 at 9.) I found that thirty minutes was insufficient to calm emotions and reduce the threat of violence. (*Id.*) In short, these "two" repossession attempts were really one repossession attempt; the repossession effort had not actually ceased. I contrasted the Russells' case with the Kansas Court of Appeals' determination in *Wade v. Ford Motor Credit Co.*, 668 P.2d 183 (Kan. Ct. App. 1983). In *Wade,* the court found that a creditor need not resort to legal channels for recovery after a debtor initially refuses self-help repossession. In that case, however, the secured party waited one month between the two separate repossession attempts. 668 P.2d at 189. The court noted that "the potential for violence was substantially reduced by the passage of this time." *Id.*

AssetsBiz and Sancinati argue that if the Seventh Circuit finds that a creditor has a right to undertake nonjudicial recovery of collateral after a debtor's objection, this effectively reverses the summary judgment order. They frame the issue too narrowly. It is not merely a question of whether a creditor can pursue nonjudicial recovery of the collateral after a debtor's unequivocal objection. Otherwise, a creditor could simply return five minutes after the debtor's objection to "try again." Recall that the purpose of requiring a creditor to cease its repossession attempt after a debtor's unequivocal objection is to quell emotion and reduce the risk of violence. Allowing a subsequent repossession attempt immediately after

the original objection would undermine the statute's purpose. This is what the *Wade* court considered when it found that a lag time of one month between two separate repossession attempts was sufficient to reduce the potential for violence. In this case, however, the time between the "first" and "second" repossession attempts was, at most, thirty minutes. Because of this extremely short time frame, it was unnecessary to determine whether nonjudicial recovery was even a viable option under Wisconsin law after Russell's objection. Even if it was, thirty minutes is simply not enough time to calm emotions and reduce the threat of violence.

Perhaps under another set of facts, the court would be called upon to determine how long after the first repossession attempt a creditor must wait before commencing a second repossession attempt to sufficiently quell emotions and reduce the threat of violence. In that case, the question may be controlling and speed up the litigation. But under the particular facts of this case, it is not. Because AssetsBiz and Sancinati failed to establish that the summary judgment order presents a controlling question of law that may materially advance the ultimate termination of the litigation, I need not address the other statutory criteria found in § 1292(b). Thus, I decline to amend the summary judgment order to allow an interlocutory appeal.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the defendants' motion to amend the order to provide for an interlocutory appeal (Docket # 94) is **DENIED**.

Dated at Milwaukee, Wisconsin this 24th day of July, 2020.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge